# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Somvang P., | Case No. 26-CV-0037 (PJS/EMB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; Eric Tollefson in his official capacity as Sheriff, Kandiyohi County; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

Before the Court is Petitioner Somvang P.'s[1] Amended Petition for Writ

of Habeas Corpus (Dkt. No. 8), which was filed on January 21, 2026.

Although this Court ordered Respondents to "file an answer no later than 7

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

days after the amended petition is filed," (Dkt. No. 6 at 2), they did not answer or seek other relief.

This case has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the following reasons, I recommend the Amended Petition for Writ of Habeas Corpus (Dkt. No. 8) be granted, and Respondents be ordered to release Somvang P. immediately.

## I.    <u>Background</u>

Petitioner Somvang P. is a chronically ill, 63-year-old man who was admitted to the United States as a refugee from Laos in 1979.  (Dkt. No. 8 ¶¶ 5, 14, 21.)  Prior to being detained on December 10, 2025, Somvang P. was living in St. Cloud, Minnesota.  (*Id.* ¶ 5.)  His partner and four children are all United States citizens.  (*Id.* ¶ 15.)  For the past twenty years, Somvang P. has worked "as an assembly technician at the New Flyer Bus Company."  (*Id.* ¶ 16.)

In 1998, Somvang P. was convicted of "three counts of criminal sexual conduct in the third degree, in violation of Minn. Stat. § 609.344."  (*Id.* ¶ 18.)  While he was serving his sentence for that conviction, he was placed into removal proceedings.  (*Id.*)  A final order of removal was entered on May 23, 2001.  (*Id.*)  But ICE released Somvang P. on an order of supervision ("OSUP") on November 1, 2001, because Laos was not accepting deportees at that time.  (*Id.* ¶ 19.)  Since 2001, Somvang P. has complied with all

conditions of the OSUP, including attending periodic check-ins with ICE. (*Id.*)

In 2016, Somvang P. was convicted of assault after "an altercation with a neighbor." (*Id.* ¶ 20.) Although Somvang P. "completed several months of work-release . . . ICE did not modify his order of supervision, change his check-in schedule, or find him to be non-compliant as a result of this incident." (*Id.*)

Nevertheless, on December 10, 2025, ICE suddenly revoked the OSUP and took Somvang P. into custody at his workplace. (*Id.* ¶ 23.) Somvang P. alleges his case was not referred to ICE's Executive Associate Director prior to the revocation, and no ICE official made any "findings that revocation was in the public interest." (*Id.* ¶ 24.) ICE has not "explain[ed] why it revoked Petitioner's order of supervision or give him[] an opportunity to respond to those reasons," nor had it "secured travel documents necessary for removal from the United States" at the time of his revocation. (*Id.* ¶¶ 26–27.) Finally, he alleges "[n]o change in circumstances warranted the [OSUP]'s revocation." (*Id.* ¶ 45.) Somvang P. is currently detained at the Kandiyohi County Jail. (*Id.* ¶ 25.)

3

## II.   Legal Standard

Under 28 U.S.C. § 2241, the Court may grant a writ of habeas corpus to any petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Rasul v. Bush*, 542 U.S. 466, 473 (2004)).  The right to challenge unlawful detention under § 2241 "extends to those persons challenging the lawfulness of immigration-related detention."  *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)).  "The habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that their detention is unlawful."  *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025).

## III.   Analysis

### a. Respondents forfeited their arguments by failing to answer.

This Court ordered Respondents to show cause why Somvang P.'s writ should not be granted.  (Dkt. No. 6 at 2.)  The show-cause order also directed Respondents to provide affidavits or exhibits "to establish the lawfulness and

correct duration of Somvang P.'s detention." (*Id.*)  Nevertheless, Respondents did not timely respond, seek an extension, or otherwise take any action.[2]

Because Respondents failed to timely respond, the Court should find they've impliedly conceded the issue, deem the petition to be unopposed, and grant immediate release.  *See Ismael D. v. Noem*, 26-CV-413 (JMB/LIB), 2026 WL 145987, at *2 (D. Minn. Jan. 20, 2026) ("Accordingly, Respondents failed to timely respond, and the Court considers the Petition to be unopposed and grants the Petition on that basis to the extent it seeks a bond hearing."); *Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), 2026 WL 115067, at *1 (D. Minn. Jan. 15, 2026) ("Respondents did not respond to Estephanny's arguments about her refugee status, . . . meaning Respondents waived any challenge to these arguments.").  Because Respondents forfeited any argument by failing to respond, I recommend the Court grant Somvang P.'s petition.

### b. Somvang P.'s detention is unlawful because ICE violated its own regulations.

Even overlooking that forfeiture issue, Somvang P. has identified regulatory violations warranting his release.  "The government may not indefinitely detain noncitizens who are subject to a final order of removal but

---

[2] An attorney appeared on behalf of the federal respondents on January 22, 2026.  (Dkt. No. 9.)

who cannot readily be removed." *Berchie v. Bondi*, 25-CV-03197 (KMM/SGE), 2025 WL 2753393, at *1 (D. Minn. Sept. 29, 2025) (citing *Zadvydas*, 533 U.S. at 699).  Instead, "[s]pecific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal." *Garrison G. v. Bondi*, 26-CV-172 (JMB/DJF), 2026 WL 157677, at *3 (D. Minn. Jan. 17, 2026).  Where, as here, ICE releases a noncitizen on an OSUP because there is no significant likelihood of removal in the foreseeable future, 8 C.F.R. § 241.13 applies.

That regulation makes clear that revocation of a release order is only justified for two reasons: (1) where the noncitizen violates the conditions of release, *see id.* § 241.13(i)(1), or (2) when, "on account of changed circumstances, . . . there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2).  ICE has the burden to show that "changed circumstances" justify revocation of release.  *Garrison G.*, 2026 WL 157677 at *3 (citing cases).

The applicable regulation also requires ICE to follow certain procedures, including notifying the noncitizen "of the reasons for revocation of his or her release," providing the noncitizen with "an opportunity to respond to the reasons for revocation stated in the notification," and "conduct[ing] an initial informal interview promptly after" the noncitizen's return to custody.  8 C.F.R. § 241.13(i)(3).  This "revocation custody review"

must also "include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.*

Agencies must follow their own regulations. *See Garrison G.*, 2026 WL 157677 at *3 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). Here, Somvang P. alleges ICE released him on an OSUP "because Laos was not taking deportees and so there was no significant likelihood of removal in the foreseeable future." (Dkt. No. 8 ¶ 19.) As explained above, his OSUP can only be revoked for two reasons, neither of which are present here.

First, Respondents have not provided any evidence that Somvang P. has violated the conditions of his release under 8 C.F.R. § 241.13(i)(1). To be sure, Somvang P. admits he was arrested in 2016 after an altercation with his neighbor. But he continued his scheduled check-ins with ICE for nearly 10 years after that without being notified that the 2016 incident constituted a violation of the applicable conditions. And even if ICE could somehow argue this decade-old arrest was the basis for revocation, it has failed to comply with any of the procedural safeguards set forth in 8 C.F.R. § 241.13(i)(3).

Nor have Respondents proffered anything to suggest circumstances have changed such that there's now a significant likelihood Somvang P. will be removed to the foreseeable future. 8 C.F.R. § 241.13(i)(2). They have not,

for instance, produced any travel documents or any assurance that Laos is now accepting deportees generally, or that it would accept Somvang P. nearly 50 years after he left that country. ICE has failed to meet its burden to show that changed circumstances justify the revocation of Somvang P.'s OSUP.

Accordingly, Somvang P. has demonstrated that his re-detention on December 10, 2025, was unlawful because ICE failed to comply with its own regulations. I therefore recommend his amended petition be granted.

### c. Release is the proper remedy.

I recommend Respondents be ordered to immediately release Somvang P. Respondents have abdicated their opportunity to argue for an alternative remedy. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that the "typical remedy [for unlawful executive detention] is, of course, release"); *Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), 2026 WL 115067, at *1 (D. Minn. Jan. 15, 2026) (finding waiver by respondents); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 ("Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings.").

Further, Somvang P. has met his burden to show that ICE failed to comply with 8 C.F.R. § 241.13(i). The proper remedy for such a violation is immediate release, subject to the terms of his prior OSUP. *See, e.g., Garrison*

*G. v. Bondi*, 2026 WL 157677, at \*4 (ordering immediate release); *Faysal N. v. Noem*, 25-CV-04641 (JMB/DLM), 2026 WL 36066, at \*5 (D. Minn. Jan. 6, 2026) (same); *Yee S. v. Bondi*, 25-CV-02782 (JMB/DLM), 2025 WL 2879479, at \*6 (D. Minn. Oct. 9, 2025) (same); *Roble v. Bondi*, 803 F. Supp. 3d 766 (D. Minn. 2025) (same) (citing cases).

Finally, I draw the parties' attention to the atypically short deadlines for filing objections to this Report and Recommendation and responses to those objections, set forth in the "Notice" below.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Somvang P.'s Amended Petition for Writ of Habeas Corpus (Dkt. No. 8) be GRANTED;

2. Respondents be ORDERED to immediately release Somvang P., subject to the terms of his preexisting order of supervised release; and

3. Respondents be ORDERED to file a notice confirming such release within 24 hours of the entry of an order granting such relief.

Dated: January 31, 2026                    *s/Elsa M. Bullard*
                                            Elsa M. Bullard
                                            United States Magistrate Judge

9

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1): "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, ***unless the court sets a different deadline***." Here, the Court provides a ***3-day deadline for objections***, and a ***2-day deadline for responses to objections***.  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

10