UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SOMVANG P.,                                        Case No. 26-CV-0037 (PJS/EMB)

               Petitioner,

v.                                                 ORDER

SECRETARY, Department of Homeland
Security;  TODD M. LYONS, Director of
Immigration and Customs Enforcement;
DAVID EASTERWOOD, Field Office
Director, St. Paul Field Office, in his official
capacity; ERIC TOLLEFSON, Sheriff,
Kandiyohi County, in his official capacity;
U.S. DEPARTMENT OF HOMELAND
SECURITY; and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

               Respondents.

---

Robert H. Meyers, OFFICE OF THE FEDERAL DEFENDER, and Caleb Waugh, for petitioner.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Eric Tollefson.

This matter is before the Court on the federal respondents' objection to the January 31, 2026 Report and Recommendation ("R&R") of Magistrate Judge Elsa M. Bullard.  Judge Bullard recommends that petitioner Somvang P.'s petition for a writ of

habeas corpus be granted.[1]  ECF Nos. 11, 12.  The Court has conducted a de novo

review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court

rejects the R&R and denies the petition—not because the Court disagrees with anything

that Judge Bullard said, but because, in light of information that came to light after she

issued her R&R, the Court finds that Somvang's removal to Laos is significantly likely

to occur in the reasonably foreseeable future and that Somvang's procedural rights were

honored in substance, if not in form.

As described in the R&R, Somvang has long been subject to an administratively

final removal order authorizing his removal to Laos.  In 2001, however, Somvang was

released on an order of supervision—apparently because Laos would not grant

permission for him to be repatriated.  ECF No. 11 at 2.  ICE has always had authority to

revoke Somvang's supervised release, but only in certain circumstances, and only by

following certain procedures.  *See* 8 C.F.R. § 241.13(i)(1)–(3); *Saengnakhone S. v. Noem*,

No. 25-CV-4774 (ECT/LIB), 2026 WL 34132, at *3–5 (D. Minn. Jan. 6, 2026) (explaining

that 8 C.F.R. § 241.13(i) provides the proper regulatory framework for an alien who is

detained under 8 U.S.C. § 1231(a)(6) but then released on an order of supervision); *see*

*also Roble v. Bondi*, 803 F. Supp. 766, 771 (D. Minn. 2025) ("Once ICE releases a

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

noncitizen on an Order of Supervision, ICE's ability to re-detain that noncitizen is constrained by its own regulations.").

Specifically, ICE has authority to revoke Somvang's supervised release only on account of (1) a violation of the conditions of his supervised release, or (2) a determination by ICE that his removal is significantly likely in the reasonably foreseeable future due to "changed circumstances."  8 C.F.R. § 241.13(i)(1)–(2).[2]  If ICE attempts to revoke Somvang's supervised release for one of these reasons, ICE must follow the procedures set forth in § 241.13(i)(3).  In particular, ICE must notify Somvang of the reasons for revocation and offer him "an initial informal interview promptly after his . . . return to [ICE] custody to afford [him] an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.13(i)(3).

### A. Changed Circumstances

The R&R found that respondents had failed to establish changed circumstances that make Somvang's removal to Laos significantly likely in the reasonably foreseeable future.[3]  At that point, respondents had merely told Judge Bullard that they were *trying*

---

[2]ICE does not argue that Somvang violated a term of his supervised release.

[3]The Court agrees with Judge Laura Provinzino that, "[a]lthough [petitioner] has the ultimate burden of proving entitlement to habeas relief, the regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future."  *Roble*, 803 F. Supp. 3d at 772 (citations omitted).

to obtain a travel document from Laos.  In respondents' objection to the R&R—and in Somvang's response to that objection—the parties dispute when Laos started accepting removed individuals for repatriation, how many such individuals Laos has accepted and is now willing to accept, and whether the fact that respondents were seeking a travel document for Somvang was a "changed circumstance" providing a basis for revocation of his supervised release.

At this point, however, the parties' arguments are largely beside the point, as Laos has, in fact, issued a travel document for Somvang, and Somvang is scheduled to be returned to Laos on a charter flight later this month.  *See* ECF No. 20 ¶ 5.  The issuance of a travel document for an alien by his home country is clearly a "changed circumstance" that gives ICE the ability to revoke the alien's release under § 241.13(i)(2). *See Moussa S. v. Bondi*, No. 26-CV-1408 (PJS/ECW), ECF No. 2 at 2 ("[A]lthough *receiving* a travel document is a 'changed circumstance' justifying revocation of release under § 241.13(i)(2), merely *seeking* a travel document—without more—is not." (citation omitted)).  Moreover, given that a travel document has been issued and Somvang is manifested on a flight that is scheduled to depart in the next couple of weeks, there is undoubtedly a significant likelihood that Somvang will be removed to Laos in the reasonably foreseeable future.

Admittedly, Laos did not issue the travel document until after Somvang's arrest, so at the time of his arrest, changed circumstances probably did not exist and ICE probably did not have authority to revoke his supervised release. But now that the travel document has been issued, the Court sees little point in ordering ICE to release Somvang when ICE would have the right to immediately take him back into custody. Ordering that Somvang be released when he will undoubtedly and lawfully be taken right back into custody would be an empty formality and a waste of time for all involved.

### B. Notice

Judge Bullard also concluded that ICE violated 8 C.F.R. § 241.13(i)(3) by failing to provide Somvang with adequate notice of the reasons for the revocation of his supervised release. The Court agrees. Under that regulation, ICE must, "[u]pon revocation," notify an alien "of the reasons for revocation of his or her release." ICE must also "conduct an initial informal interview" of the alien "promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." The Court agrees with Judge Tostrud that, "[s]imply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told what circumstances had changed or why there was now a significant likelihood of removal in

-5-

order to meaningfully respond." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 787 (D. Minn. 2025).

Somvang received notice the same date as his arrest, so ICE seems to have complied with § 241.13(i)(3)'s requirement that notice be given "upon revocation." But the notice stated merely that "there are changed circumstances in your case" and that "[d]ue to changes ICE will pursue new efforts to remove you to Laos." ECF No. 14-3. This conclusory description did not satisfy the requirement that Somvang be provided with a meaningful explanation of why his supervised was being revoked—i.e., of *what* circumstances had changed. *See, e.g.*, *Kikham S. v. Noem*, 26-CV-1621 (LMP/ECW), ECF No. 7 at 5–6 (D. Minn. Mar. 11, 2026) (noting that while a travel document "certainly lends credence" to a likelihood of removal in the reasonably foreseeable future, it cannot cure a notice in which "none of that information is even suggested, much less expressly stated").

That said, Somvang has subsequently been informed of the circumstances that changed (Laos issued a travel document for him), and Somvang has been given ample opportunity to argue that his supervised release should not have been revoked. Somvang has been represented by skilled lawyers, and those lawyers have worked hard on his behalf, submitting substantial briefing and a number of exhibits. Under the circumstances, the Court will deny Somvang's habeas petition. As the Court has

-6-

explained, if the Court ordered that Somvang be released, ICE would have the right to take him back into custody immediately. The only thing that would be accomplished is that ICE would have to give Somvang formal notice of something he already knows and give him an opportunity to tell ICE what he has already told them. Nothing meaningful would be accomplished.

The Court is aware that some judges in this District have held otherwise. *E.g.*, *Kikham S.*, No. 26-CV-1621, ECF No. 7 (ordering release based on a violation of 8 C.F.R. § 241.13(i)(3) after travel document to Laos had been issued). But this case differs in important respects from some of the other cases in this District in which release was ordered because of a violation of § 241.13(i)(3). For instance, in *Garrison G. v. Bondi*, No. 26-CV-0172 (JMB/DJF), 2026 WL 157677 (D. Minn. Jan. 17, 2026), the petitioner received no notice of any kind of ICE's reason for revoking his release; here, Somvang knows very well why ICE revoked his release. And in *Faysal N. v. Noem*, No. 25-CV-4641 (JMB/DLM), 2026 WL 36066 (D. Minn. Jan. 6, 2026), the respondents submitted no evidence of a changed circumstance; here, by contrast, respondents have submitted evidence that Laos has issued a travel document for Somvang, which is undoubtedly a changed circumstance. *See also Tou T. v. Noem*, No. 26-CV-1670 (PJS/LIB), 2026 WL 712816 (D. Minn. Mar. 11, 2026), *report and recommendation adopted*, 2026 WL 719312 (D. Minn. Mar. 14, 2026) (travel document to Laos issued but no objection filed and notice

of revocation of release issued five days after arrest); *Si T.P. v. Noem*, No. 26-CV-1445 (ECT/DJF), 2026 WL 575705, at *4 (D. Minn. Feb. 24, 2026), *report and recommendation adopted*, 2026 WL 593436 (D. Minn. Mar. 2, 2026) (no objection filed and travel document to Laos requested but not received); *Chou T. v. Noem*, No. 26-CV-1432 (SHL/ECW), 2026 WL 607413 (D. Minn. Feb. 20, 2026), *report and recommendation adopted*, 2026 WL 613575 (D. Minn. Mar. 4, 2026) (travel document to Laos issued but no objection filed and no steps taken to schedule petitioner's removal).

No one could accuse this Court of failing to insist that ICE comply with the law. Moreover, this Court has sympathy for Somvang, given his lack of ties to Laos, the length of his residency in the United States, the fact that his partner and children are American citizens, his health issues, and the support he has received from his family, employer, and community. ECF Nos. 17–19. Ultimately, however, this Court does not have authority to block Somvang's removal to Laos, but only to release him from custody. And as noted, if the Court did release him from custody, Somvang would enjoy only a moment or two of freedom before being taken right back into custody. In short, the Court sees no point in releasing Somvang for a couple of seconds so that "ICE may give [Somvang] notice of changed circumstances that he has already litigated in this action." *Saengnakhone S.*, No. 25-CV-4774, at *5 n. 5.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondents' Objection [ECF No. 12] is SUSTAINED.

2.      The Report and Recommendation [ECF No. 11] is REJECTED.

3.      Petitioner's amended petition for habeas corpus [ECF No. 8] is DENIED

        WITH PREJUDICE.

        LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  March 20, 2026                    /s/ Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court